UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

SIMON NEWMAN,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.

--------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 08-CV-4203 (FB)

*Appearances:*
*For the Petitioner:*
SIMON NEWMAN, *pro se*
#41405-054
U.S. Penitentiary Beaumont
P.O. Box 26030
Beaumont, TX 77720

*For the Respondent:*
BENTON J. CAMPBELL, ESQ.
United States Attorney
Eastern District of New York
By: Michael F. Stoer, Esq.
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

        Simon Newman ("Newman"), pro se, submits a self-styled "Petition Under

28 U.S.C. § 2255 for Writ of Habeas Corpus by a Person in Federal Custody." Newman

argues that he should have been released on his first "good conduct time" release date,[1]

September 20, 2008, and protests disciplinary actions by the Bureau of Prisons that have

resulted, *inter alia*, in his continued incarceration after that date. This is a challenge to the

*execution* of his sentence rather than its *imposition*, and therefore the petition should not

---

    [1] The Bureau of Prisons has the authority to release prisoners before the end of the sentence imposed by the sentencing court if they "display[ ] exemplary compliance with institutional disciplinary regulations . . . ." 18 U.S.C. § 3624(b). "The statute delegates authority to the [Bureau of Prisons] to calculate and award [good conduct time] credits." *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526, 528 (4th Cir. 2005).

have been brought under § 2255:

> Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. We have held that § 2255 is the appropriate vehicle for a federal prisoner to challenge the imposition of his sentence.
>
> Section 2241 by contrast is the proper means to challenge the execution of a sentence. In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, [and] disciplinary actions taken against him . . . .

*Adams v. United States*, 362 F.3d 132, 135 (2d Cir. 2004) (internal citation omitted).

"[I]f a prisoner erroneously labels a petition as being filed under Section 2255 when the relief it seeks is available only under Section 2241, the mis-labeling must be disregarded . . . . It is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to." *Chambers v. United States*, 106 F.3d 472 (2d Cir. 1997); *Borja-Palacio v. United States*, No. Nos. 99 Civ. 0734(AJP), 96 CR. 999(HB) (AJP), 1999 WL 816165, at *5 (S.D.N.Y. Oct. 13, 1999) (interpreting challenge to conditions of confinement as one under § 2241, despite petition's § 2255 label). The Court therefore interprets Newman's petition as one brought pursuant to 28 U.S.C. § 2241.

In interpreting § 2241, the Supreme Court has recognized "the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also Borja-Palacio*, 1999 WL 816165, at *5 ("A § 2241 petition challenging execution of

2

sentence . . . normally should be brought in the district court for the district where the prisoner is in custody.") (collecting cases). Since Newman is incarcerated in the Eastern District of Texas, the Court does not have jurisdiction to hear the petition.[2]

A district court may, in the interests of justice, transfer a case over which it does not have jurisdiction to a court where the action "could have been brought." 28 U.S.C. § 1631; *see also Lawrence v. United States*, No. CV 05-4946, 2006 WL 1419383, at *1 (E.D.N.Y. May 11, 2006) (transferring § 2241 petition to the district in which the petitioner was confined). Since Newman's petition could have been brought in the Eastern District of Texas, the case should be transferred to that court.

## CONCLUSION

The petition is transferred to the United States District Court for the Eastern District of Texas.

**SO ORDERED.**

/S/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 2, 2009

---

[2] There are exceptions to the rule. *See* 28 U.S.C. § 2241(d) (exception when petitioner is serving a state criminal sentence in a state with more than one federal district); *Padilla*, 542 U.S. at 435-36 n.9 (exception "in the military context where an American citizen is detained outside the territorial jurisdiction of any district court"); *id.* at 446 (exception when reservist challenges military obligations by suing commanding officer in charge of reservist's military records) (citing *Strait v. Laird*, 406 U.S. 341 (1972)). None of these exceptions applies here.